IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| KRIS SARAYN KOLLYNS ) | Civil Action No. 3:06-1490-JFA-JRM |
| ) | |
| Plaintiff, ) | |
| vs. ) | |
| ) | |
| DR. SELMAN WATSON; ) | |
| NURSE FRASER; ) | |
| MARTHA WILLIAMS; ) | |
| DR. JOSE CHAVEZ; ) | |
| INVESTIGATOR RAYFORD MILLER; ) | |
| FRED PAUER; ) | |
| DR. NICHOLAS DEPACE; ) | |
| ROBERT STEVENSON; ) | |
| HOLLY SCATURO (IN THEIR PERSONAL ) | |
| CAPACITIES); AND ) | |
| THE SOUTH CAROLINA DEPARTMENT OF ) | |
| MENTAL HEALTH (FOR INJUNCTIVE ) | |
| RELIEF), ) | |
| ) | **REPORT AND RECOMMENDATION** |
| Defendants. ) | |
| ) | |

Plaintiff filed this action under 42 U.S.C. § 1983 on May 16, 2006.[1] At the time he filed his complaint, Plaintiff was involuntarily committed to the Sexually Violent Predator Program[2] at the South Carolina Department of Mental Health as a Sexually Violent Predator pursuant to the South Carolina SVP Act, S.C. Code Ann. § 44-48-10 et seq. Plaintiff filed an amended complaint on

---

[1] Pretrial matters in this case were referred to the undersigned pursuant to Rule 73.02(B)(2)(e), DSC. Because these are dispositive motions, this report and recommendation is entered for review by the court.

[2] This was formerly known as the Behavioral Disorders Treatment Program.

October 3, 2006. He filed a motion for preliminary injunctive relief on May 15, 2007. On June 28, 2007, Defendants filed a motion for summary judgment. Plaintiff, because he is proceeding pro se, was advised on July 2, 2007, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), that a failure to respond to Defendants' motion for summary judgment with additional evidence or counter-affidavits could result in the dismissal of his complaint. Plaintiff filed a response on August 16, 2007, and Defendants filed a reply on August 9, 2007.

On November 21, 2007, Defendants filed a suggestion of death as to Plaintiff. They suggest that Plaintiff died on or about November 10, 2007. This notice was served on Plaintiff at his address of record. Rule 25 provides, in part:

(a) Death.

> (1) Substitution if the Claim Is Not Extinguished. If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.
>
> *****
>
> (3) Service. A motion to substitute, together with a notice of hearing, must be served on the parties as provided in Rule 5 and on nonparties as provided in Rule 4. A statement noting death must be served in the same manner. Service may be made in any judicial district.

Fed. R. Civ. P. 25. Defendants served Plaintiff at his last known address. There has been no motion to substitute filed. It is, therefore, recommended that this action be dismissed pursuant to Federal Rule 25(a), as more than 90 days have passed since Defendants filed the notice suggesting Plaintiff's death and no motion for substitution has been filed.

## CONCLUSION

It is recommended that this action be dismissed pursuant to Federal Rule 25 and that Plaintiff's motion for preliminary injunctive relief (Doc. 48) and Defendants' motion for summary judgment (Doc. 52) be denied as moot.

          Respectfully submitted,

          s/Joseph R. McCrorey
          United States Magistrate Judge

February 29, 2008
Columbia, South Carolina

**The parties' attention is directed to the important information on the attached notice.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).